```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **NOTICE OF MOTION** |
| - v - | : | **08 CR 216 (LAP)** |
| **ROBERT MINES**, | : | |
| Defendant. | : | |

```
------------------------------------x
```

**PLEASE TAKE NOTICE**, that upon the annexed declarations of **Julia Craig** and **Jennifer L. Brown, Esq.**, the undersigned will move this Court, before the Honorable Loretta A. Preska, United States District Judge for the Southern District of New York, at a time to be designated by the Court, for an order suppressing statements and physical evidence obtained on or about January 11, 2008 as well as any fruits of the unlawful search of Mr. Mines' home or in the alternative, granting a hearing on this matter, pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure, and granting such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         April 18, 2008

                                   Respectfully submitted,
                                   **LEONARD F. JOY, ESQ.**
                                   Federal Defenders of New York

                          By:      _____
                                   Jennifer L. Brown, ESQ.
                                   Attorney for Defendant
                                      **Robert Mines**
                                   Tel.: (212) 417-8722

TO: **Michael J. Garcia, ESQ.**
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Attn: **Rebbeca Rohr, ESQ.**
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA           :
                                              **AFFIRMATION**
            - v -                         :
                                              **08 Cr. 216 (LAP)**
**ROBERT MINES,**                  :

            Defendant.                :

------------------------------------X


**JENNIFER L. BROWN, Esq.**, hereby affirms under penalties of perjury pursuant to 28 U.S.C. §1746:

1.   I am a staff attorney with the Federal Defenders and trial counsel to the defendant Robert Mines. I make this affirmation in support of Mr. Mines' motion to suppress physical evidence seized from his home on or about January 11, 2008 and any post-arrests statements elicited from him. All statements herein are based on information and belief, unless otherwise indicated.

2.   Mr. Mines is charged by indictment with one count of possession of a firearm.

3.   On January 11, 2008, according to the criminal complaint filed in this case, police officers "responded to a radio call of a dispute in the vicinity of 974 Sheridan Ave, Apt. 5H, in the Bronx. See Exhibit A, Criminal Complaint at ¶2(a). According to the complaint, a woman who lived in the apartment said that "Robert Mines, the defendant, had menaced her with a firearm."

Id. at ¶2(b). According to the complaint, the police obtained a "consent to search form" from this same woman at the police precinct after Mr. Mines was arrested. Id. at ¶3(a). According to the complaint, the police questioned Mr. Mines at the police precinct and he informed them that he had a gun in a bedroom closet in the Apartment. Id. at ¶3(b). The police searched Mr. Mines' apartment and found a firearm and a magazine in a bedroom closet. Id. at ¶3(c). According to the complaint, it was only after seizing the firearm, and having already spoken to Mr. Mines, that he was read his Miranda warnings and questioned again. Id. at ¶4.

4. The woman police spoke to on January 11, 2008, who is identified as "Victim 1" in the criminal complaint, is Julia Craig. Ms. Craig lives with Robert Mines at 974 Sheridan Ave, Apt. 5H, in the Bronx. See Affidavit of Julia Craig, Exhibit B. Ms. Craig denies that she ever told officers that she had been menaced by Mr. Mines with a firearm. She did not see Mr. Mines with a firearm on January 11, 2008 and prior to the officers' finding the weapon, did not know there was a firearm in the apartment. Exhibit B, ¶2.

5. According to Ms. Craig, a neighbor called the police on January 11, 2008. When the police arrived, they thoroughly searched her apartment and seized a box of bullets. She was then taken to a police station after Mr. Mines was arrested. At the station, she was asked to sign a form, which she did. At the

time Ms. Craig signed the form, she did not know what she was signing, and she was "scared" and "did not know [she] could refuse to sign the form." Exhibit B, ¶3. Ms. Craig only later learned that this form was a "consent to search form."

6. The physical evidence in this case should be suppressed because it was obtained as a result of two illegal searches of Mr. Mines' apartment. The police had no authority as an initial matter to search Mr. Mines' apartment after responding to the 911 call. The police had no warrant to search the apartment. There were no exigent circumstances. The police did not request consent to the search the apartment from Mr. Mines or Ms. Craig at that time, and no consent was given. While police were permitted to conduct a limited "security sweep" of the premises, the search of the bedroom closet where the bullets were found far exceeds the lawful authority of the police. See Maryland v. Buie, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed. 2d 276 (1990); United States v. Vasquez, 638 F.2d 507, 532 (2d Cir. 1980). Thus, the initial search of the apartment and discovery of the bullets was unlawful.

7. The second search of Mr. Mines' apartment was also unlawful because Ms. Craig did not knowingly and voluntarily consent to the search. According to the complaint, Mr. Mines' was never asked for his consent to search his bedroom, only Ms. Craig's consent was requested. As set forth in her affidavit, the "consent to search form" does not represent her knowing and

voluntary consent to search the apartment she shares with Mr. Mines because she did not know what she was signing and she did not believe she had the right to refuse to sign. See Exhibit B, ¶3. Thus the physical evidence must be suppressed because it was obtained in violation of Mr. Mines' Fourth Amendment rights. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed. 2d 854 (1990). Moreover, even if the Court finds that Ms. Craig knowingly signed the consent to search form, the evidence must still be suppressed because it has been tainted by the illegality of the initial search. See United States v. Oguns, 921 F.2d 442, 447 (2d Cir. 1990); see also United States v. Leonardo Montes-Reyes, 08 CR 10 (DLC) (S.D.N.Y. April 14, 2008) (suppressing physical evidence and statements even though consent to search form had been signed because the consent had been tainted by prior illegal search).

8. After Mr. Mines' arrest, while in police custody, he was questioned on two occasions. According to the criminal court complaint, the first questioning was conducted without advising Mr. Mines of his Miranda warnings, and all statements obtained must therefore be suppressed. The second questioning, which according to the criminal court complaint was conducted after the Miranda warnings were given, is the unlawful fruit of both the illegal search of Mr. Mines' home as well as the initial unlawful questioning, and must therefore be suppressed as well. Brown v. Illinois, 422 U.S. 590 (1975).

**WHEREFORE**, it is respectfully requested that the Court issue an ORDER suppressing the physical evidence and statements obtained from Mr. Mines in violation of his constitutional rights; or in the alternative that the Court set a hearing on this motion pursuant to Federal Rules of Criminal Procedure 12 and 41.

Dated:  New York, New York
        April 18, 2008

_____
JENNIFER L. BROWN, ESQ.

Approved: *Rebecca Rohr*
REBECCA A. ROHR
Assistant United States Attorney

Before: HONORABLE GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York

**08 MAG 0305**

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA  :  SEALED
                             COMPLAINT

    - v. -                 :  Violation of
                             18 U.S.C. § 922(g)(1)
ROBERT MINES,             :
                             COUNTY OF OFFENSE:
                          :  BRONX

        Defendant.        :

- - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

Said Salim, being duly sworn, deposes and says that he is a Police Officer with the New York City Police Department ("NYPD") and charges as follows:

<u>COUNT ONE</u>

On or about January 11, 2008, in the Southern District of New York, ROBERT MINES, the defendant, unlawfully, willfully, and knowingly, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about September 27, 2002, in New York Supreme Court, New York County, for criminal sale of a controlled substance in the fifth degree, in violation of New York Penal Law 220.31, a Class D felony, did possess in and affecting commerce, a firearm, to wit, a .40 caliber Glock handgun, which firearm previously had been shipped and transported in interstate commerce.

(Title 18, United States Code, Section 922(g)(1).)

The bases for my knowledge and the foregoing charge are, in part, as follows:

1. I am a Police Officer with the NYPD, assigned to the Firearms Enhancement Unit, and I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with law enforcement agents and

00001

others and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2. I have spoken with an officer from the NYPD ("Officer 1"). From Officer 1, I have learned the following, in substance and in part:

(a) On or about January 11, 2008, Officer 1 and three other officers ("Officer 2," "Officer 3," and "Officer 4") responded to a radio call of a dispute in the vicinity of 974 Sheridan Ave., Apt. 5H, Bronx, New York (the "Apartment").

(b) Officer 1 spoke to a woman who lived in the Apartment ("Victim 1"). Victim 1 said, in substance and in part, that ROBERT MINES, the defendant, had menaced her with a firearm in the Apartment.

(c) MINES later returned to the building at 974 Sheridan Avenue. Officer 1 recognized him from a photograph provided by Victim 1. Officer 1 placed MINES under arrest. MINES was transported to the 44th Precinct, and VICTIM 1 was separately transported to the Precinct.

3. I have spoken with Officer 2. From Officer 2, I learned the following, in substance and in part:

(a) At the Precinct, VICTIM 1 signed a consent form to search the Apartment.

(b) At the Precinct, Officer 2 spoke with ROBERT MINES, the defendant. He told Officer 2, in substance and in part, that he had a gun in a bedroom closet in the Apartment.

(c) Officer 2 and Officer 3 searched the Apartment. Officer 2 recovered a .40 caliber Glock handgun, along with a .40 caliber magazine containing nine live .40 caliber bullets, from a bedroom closet.

4. Later, at the Precinct, I gave ROBERT MINES, the defendant, Miranda warnings. He waived them and agreed to talk to law enforcement. He said, in substance and in part, that he had purchased the gun and owned the gun that was recovered from the Apartment.

2

4. I have reviewed the NYPD voucher that identifies the gun owned by ROBERT MINES, the defendant, as a Glock .40 caliber handgun. I conducted a trace of the handgun by its serial number. Based on that trace, my training and experience, and my conversations with other law enforcement agents, I know that the Glock .40 caliber handgun recovered from the Apartment was not manufactured in the State of New York.

5. I have reviewed criminal records pertaining to ROBERT MINES, the defendant. Those records reveal that MINES was convicted on or about September 27, 2002, in New York Supreme Court, New York County, for criminal sale of a controlled substance in the fifth degree, in violation of New York Penal Law 220.31, a Class D felony

WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of ROBERT MINES, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

P.O. *Said Salim* (signature)

SAID SALIM
Firearms Enhancement Unit
New York City Police Department

Sworn to before me this
FEB 15 2008 day of February, 2008

*Gabriel W. Gorenstein* (signature)
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

**GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA            :

        v.                          :        08 Cr. 216   (LAP)

**Robert Mines**                    :

                                    :

           Defendant.               :

------------------------------------X

### AFFIRMATION OF JULIA CRAIG
### IN SUPPORT OF MOTION TO SUPPRESS PHYSICAL EVIDENCE AND
### POST-ARREST STATEMENTS

**JULIA CRAIG** declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. My name is Julia Craig. I live with Robert Mines at 974 Sheridan Avenue, Apt. 5H, in the Bronx. I make this affirmation in support of a motion pursuant to Federal Rules of Criminal Procedure 12 and 41 to suppress physical evidence and post-arrest statements obtained by law enforcement authorities in violation of Robert Mines' constitutional rights. Since the purpose of this affirmation is to show that Mr. Mines' constitutional rights were violated, his attorney has advised me that it is not necessary to include every detail of the incidents described below, and I have not done so.

2. On January 11, 2008, police came to my apartment because

of a 911 call placed by one of my neighbors. At no time prior to January 11, 2008 did I see Mr. Mines with a firearm or bullets. He did not threaten me with a firearm, and I did not even know a firearm was in the apartment.

3. When the police arrived, they entered my apartment and thoroughly searched the apartment and seized a box of bullets. Later that evening, at the police station, I was asked to sign a form, which I did. I later learned that this form was a "consent to search form." At the time I signed the form, I did not know what I was signing. When I signed the form, police had already found bullets in the house and they had already questioned Mr. Mines about a gun. I did not know I could refuse to sign the form. I was scared and thought I had to sign the form.

**WHEREFORE**, it is respectfully requested that this Court enter an order suppressing the physical evidence and statements.

I declare under penalty of perjury that the foregoing is true and accurate.

Dated:   New York, New York
         March 26, 2008

_____
Julia Craig